Deutsche Bank Natl. Trust Co. v Maxwell (2025 NY Slip Op 06845)

Deutsche Bank Natl. Trust Co. v Maxwell

2025 NY Slip Op 06845

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2023-02946
 (Index No. 702942/21)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vMervin A. Maxwell, Jr., appellant, et al., defendant.

Mervin Maxwell, named herein as Mervin A. Maxwell, Jr., Jamaica, NY, appellant pro se.
Houser LLP, New York, NY (Jordan W. Schur and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mervin A. Maxwell, Jr., appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated September 12, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were for leave to reargue his opposition to the plaintiff's prior motion to restore the action to the active calendar, which had been granted in an order of the same court dated April 11, 2022, or, in effect, in the alternative, pursuant to CPLR 5015(a) to vacate the order dated April 11, 2022.
ORDERED that the appeal from so much of the order dated September 12, 2022, as denied that branch of the motion of the defendant Mervin A. Maxwell, Jr., which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 12, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2012, the plaintiff commenced this action against the defendant Mervin A. Maxwell, Jr. (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Jamaica. The defendant interposed an answer asserting various affirmative defenses and a counterclaim alleging, inter alia, undue influence and usury. In June 2021, after the action had been marked disposed, the plaintiff moved to restore the action to the active calendar. The defendant opposed the motion and sought, in his opposition papers, among other things, to interpose new counterclaims sounding in violations of Banking Law §§ 6-l and 6-m. By order dated April 11, 2022 (hereinafter the April 2022 order), the Supreme Court, inter alia, granted the plaintiff's motion and denied the relief sought by the defendant in opposition to the motion on the ground that the defendant had failed to affirmatively move for the relief requested.
Thereafter, the defendant moved, among other things, for leave to reargue his opposition to the plaintiff's prior motion to restore the action to the active calendar or, in effect, in the alternative, pursuant to CPLR 5015(a) to vacate the April 2022 order. The plaintiff opposed the motion. By order dated September 12, 2022, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
Insofar as the defendant contends that the Supreme Court erred in denying that branch of his motion which was for leave to reargue, no appeal lies from an order denying reargument (see Federal Natl. Mtge. Assn. v Vivenzio, 229 AD3d 510, 511).
Pursuant to CPLR 5015(a), "the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based" (Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "In addition to the grounds set forth in [CPLR] 5015(a), a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Vargas v New York City Tr. Auth., 206 AD3d 783, 784). However, "[a] court's inherent power to exercise control over its judgments [or orders] is not plenary, and should be resorted to only to relieve a party from judgments [or orders] taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692-693).
Here, the defendant failed to articulate a basis for vacating the April 2022 order pursuant to CPLR 5015(a) and failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interests of substantial justice (see Legal Servicing, LLC v Gomez, 229 AD3d 785, 787).
The defendant's remaining contentions are not properly before this Court.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court